IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
(AUSTIN DIVISION)

| | |
|---|---|
| NEIL HESLIN and SCARLETT LEWIS § § §<br>　　　　Plaintiffs § §<br>v. § Civil Action _____<br> § §<br>ALEX E. JONES and FREE SPEECH § §<br>SYSTEMS, LLC § §<br>　　　　Defendants | |

**ALEXANDER E. JONES**
**PARTIAL REMOVAL OF CIVIL ACTION AND**
**NOTICE OF THE PARTIAL REMOVAL OF A CIVIL ACTION**
**AND CONTEMPORANEOUS MOTION TO**
**TRANSFER VENUE TO THE "HOME" COURT**

_____
**Removed from the 261st District Court**
**Travis County, Texas**
**State Cause No.  *D-1-GN-18-001835***
_____

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

　　　Defendant Alexander E. Jones (herein "Alex Jones" or "Defendant"), the Defendant in the above captioned partially removed state court case (herein the "New Removed Action", removes that part of the *Application for Post-Judgment Turnover Order and Appointment of Receiver as to Judgment Debtors' Alexander E. Jones and Free Speech Systems, LLC* (the " sometimes the "2025 Turnover and Receivership Application" or the "New Removed Action") from the State Court proceedings related to Alex Jones, brought by the Connecticut Plaintiffs David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, Williams Aldenberg, William Sherlach, Robert Parker, and Erica Ash (formerly Erica Lafferty) and joined directly or indirectly

by the Texas Plaintiffs *Neil Heslin and Scarlett Lewis* (collectively the "Plaintiffs" or "Movants") in this New Removed Action from the state district court of Travis County, Texas Case No. *D-1-GN-18-001835* – (with reservation of all defenses and rights of Alex Jones) – to the United States Bankruptcy Court for the Western District of Texas, Austin Division and further subject to the Motion to Transfer Venue to the Bankruptcy Home Court in the Southern District of Texas (Houston Division) (herein the "Home Bankruptcy Court")[1] and states in support thereof as follows:

## I.
## JURISDICITON AND VENUE

1. **Jurisdiction:** As set forth below, removal is proper pursuant to 28 U.S.C. §§ 157, 158, 1334(b) and 1442, 1452(a)[2] and current Fifth Circuit authority.[3] The Home Bankruptcy Court has original and exclusive jurisdiction under §§ 28 U.S.C. 1332, 28 U.S.C. § 1334 because the Complaint arises under or is related to a case under title 11 and (i) is an effort to avoid the automatic stay applicable to the Defendant Alex Jones; or (ii) to avoid the effect of a discharge injunction which has not yet exempted the Debts of the Connecticut Plaintiffs; and in both instances, (iii) seeks to recover property of the Debtor and property owned by the Chapter 7 bankruptcy estate of the Debtor.

2. This Bankruptcy Court has supplemental jurisdiction under 28 U.S.C. § 1367(a)

---

[1] The "Home Bankruptcy Court" is the Bankruptcy Court for the Southern District of Texas, Chapter 7 proceeding now pending *In re Alex Jones*, Chapter 7 Case #22-33553 (CML), including Adversary Case No. 23-03035 and 23-03037 (the "Pending Adversary"). The Pending Adversary is an ongoing Adversary brought by the very same Plaintiffs who initiated this receivership Removed Action.

[2] 28 U.S. Code § 1452 - Removal of claims related to bankruptcy cases:
(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

[3] *See*, *Miller v. Dunn*, 35 F.4th 1007 (5th Cir. 2022).

over claims over which it does not have original federal question jurisdiction because they form a necessary part of the same case or controversy as those claims over which the Court has original jurisdiction.

3. The New Removed Action seeks to improperly attach or in some manner seize assets of the Jones Estate (both Jones assets and FSS assets): (i) in violation of the exclusive jurisdiction of the bankruptcy court, and (ii) without a final bankruptcy court order finding that the Connecticut Plaintiff has a final non-dischargeable debt. The Home Bankruptcy Court has exclusive jurisdiction over the Alex Jones Chapter 7 Trustee and the assets of the Alex Jones Chapter 7 Estate until this Bankruptcy Court authorizes the seizure and self-help of any creditor with a final, non-appealable bankruptcy court order declaring the debt and an amount non-dischargeable. The Plaintiffs seek to recover what they describe as post-confirmation assets of Alex Jones without the debt or liability having been declared by final, appealable order, non-dischargeable.

4. Removal to this Bankruptcy Court is proper as the Removed State Court Case was filed and pending in Travis County, Texas. The U.S. District Court for the Western District of Texas, Austin Division, is the United States district and division embracing that county, as is this Bankruptcy Court.[4]

5. **Venue and Motion to Transfer Venue to the Bankruptcy Home Court**: Pursuant to the Bankruptcy Rules of Procedures and the Local Bankruptcy Rules of the Western District of Texas, cases removed by or on behalf of a Debtor or parties related based on jurisdiction arising out of a pending bankruptcy case, must only be removed to the Division and District in

---

[4] The Order of Reference provides that "[a]ll bankruptcy cases and proceedings filed under Title 11 of the United States Code, or arising from or related to any case or proceeding filed under Title 11, shall be automatically referred to the bankruptcy judges of this district" subject to exceptions that do not apply here. *See*, Rule 9027.

which the State Court case (here, the 2025 Turnover and Receivership Application) is pending. Accordingly, Alex Jones incorporates herein as if set out herein *verbatim* the facts, conclusions and arguments set out in Alex Jones Motion to Transfer Venue to the Southern District of Texas (Houston Division) Bankruptcy Court as the "Home Bankruptcy Court", filed contemporaneously with this Removal and Notice of Removal.

## II.
## TIMELINESS OF REMOVAL THIS PARTIAL REMOVAL

**A.     This Partial Removal is Proper and Timely**

6.     Plaintiffs, claiming to be Judgment Holders, filed an intervention and the 2025 Turnover and Receivership Application against Jones and the other named Defendant, FSS, in the then-pending Travis County District Court, Travis County, Texas, Case No. *D-1-GN-18-001835* on July 7, 2025. A copy of all Plaintiffs' process, pleadings, or orders in the possession of Jones in the 2025 Turnover and Receivership Application is attached hereto and filed concurrently herewith.

7.     This notice of removal is timely under 28 U.S.C. § 1446(b) and Rule 2097(3) because it is filed fewer than 30 days after receipt of a copy of the 2025 Turnover and Receivership Application on or about July 10, 2025. Jones has not yet been served with any process as of this date. Consent is not required from any non-removing defendant pursuant to 28 U.S.C. § 1446(b)(2)(A) because removal does not proceed "solely under 28 U.S.C. § 1441." *See also*, *e.g.*, 28 U.S.C. § 1452. Alex Jones does not consent at the time of filing to the entry of a final order inasmuch as this New Removed Action is related to an Adversary Proceeding brought by Alex Jones now pending in the Bankruptcy Home Court in which a jury is sought.

**B.     Certificate of Service And Failure to Serve Alex E. Jones Is Not Necessary**

8.     The relief requested as stated in the 2025 Turnover and Receivership Application

is partially against Alexaner E. Jones, as a Judgment Debtor, and his assets. Notwithstanding the lack of service of any process issued by the State Court, Alex Jones was made aware of the filing on approximately July 10, 2025, and timely files this removal.

9. Pursuant to 28 U.S.C. § 1452 "[a]party may remove any claim or cause of action in a civil action …" and, as here, not all parties are the subject of this Removal that only seeks to remove any and all claims, actions and matters against or affecting Alex E. Jones or the Chapter 7 Estate of Alex E. Jones. For clarity, this Removal does not apply to named Defendant FSS.

### III
### PRELIMINARY STATEMENT

10. Movants consist of the Connecticut Plaintiffs and the Texas Plaintiffs as described in the 2025 Turnover and Receivership Application. Initially, no Plaintiff has in this case has: (i) a final, non-appealable, State court judgment against Alex Jones, inasmuch as Alex Jones and FSS have appeared and given notice in the Supreme Court of the United States of the intention to file their joint writ of *certiorari* and by order of the Supreme Court have until September to do so; nor (ii) a final, non-interlocutory, appealable order of the Bankruptcy Court in the Alex Jones Chapter 7 case finding and awarding any non-discharged debt.

11. There are pending non-final interlocutory, non-appealable summary judgments finding that a portion of the Plaintiffs' judgments are non-dischargeable, but neither of those interlocutory orders are final or appealable. Likewise, there is pending a Motion by the Connecticut Plaintiffs seeking such a final order, and Alex Jones' opposition thereto. Importantly, even if all of the Plaintiffs' Judgments were final on appeal, which they are not, any creditor must have an order finding their debt non-dischargeable before that creditor may initiate any action to recover their debt, and then only to the portion that is declared non-dischargeable.

12. The bankruptcy court has not entered in the Alex Jones case any order discharging

debts and until the entry of such order, the automatic stay remains in place as to Alex E. Jones and his assets.  [*See, infra*, , ¶¶ 23-27]

## IV.
## BACKGROUND OF PLAINTIFFS' REMOVED CLAIMS

13.     The Connecticut Plaintiffs are 6 of the children who were victims in the Sandy Hook massacre, or  the parents, relatives, and an FBI agent now seeking to collect their combined (by apparently by a contract to do so, the Texas Plaintiffs are joined) nearly $1.3 billion judgment against Alex Jones.  The Connecticut State appeals Court reversed approximately $150 million of that judgment, and otherwise Alex Jones and FSS have exhausted their State Court appeals.  Accordingly, the writ of *certiorari* will be timely filed within the time period provided by order of the Supreme Court.  The Texas Plaintiffs State Court judgment remains pending after oral arguments in the Austin Court of Appeals.

14.     In 2018, almost six years after Sandy Hook, two separate suits were filed (one in Connecticut and the other in Texas) resulting in two trials.  The "trials" although by separate judges and separate juries, were on identical facts and events, yet resulted in massively inconsistent awards. In Texas (if statutory caps on tort recoveries are applied) the total judgment was appropriately $5.6 million for two parents, or $2.8 million to each parent.  In contrast, in Connecticut the award per parent (and one FBI agent who did not lose a child or relative) is slightly more than $100 million each and including approximately $300 million in punitive damages (that the Connecticut Plaintiffs seek an order of dismissal), being a net of slightly less than $1 billion for all fifteen Plaintiffs.  Both trials were controlled and determined by sanction orders and gross violations of Jones due process rights.  Both courts determined that Alex Jones or his business Free Speech Systems, LLC ("FSS") committed discovery abuse, were fined more than $1 million in Texas alone, and additionally had "liability" determined as a sanction.

15. The jury was instructed on liability but not on the basis for liability nor was there any finding or submission of any issue to the jury on Alex Jones, a public figure, on "malice" as mandated by the U.S. Supreme Court, or on whether his remarks were opinion of a public figure. Thus, the only jury trial was, in theory, one to determine damages. But as the trials turned out, damages standing alone cannot be determined by a jury without all of the background facts, so a substantial portion of "testimony" of background facts became part of the sanctions. This fact cascaded into the reality that the Trial Judges had not contemplated – they had to allow factual testimony on damages and the basis of those damages. When confronted with this issue, trial courts then systematically allowed hearsay and double hearsay, refused Alex Jones the right to cross examine on much of the testimony, and otherwise refused to permit a defense of even the damages claims.

16. Both the Texas Judgment and the Connecticut Judgment are on appeal.[5] Likewise, and as important to Jones, is the finding by the bankruptcy court that a significant portion of the Connecticut Judgment (to the extent surviving appeal) and the much smaller Texas Judgment that went from $2 million actual damages to approximately $22 million in punitive damages (by failing to apply the statutory tort caps). As to each for the two Texas Plaintiffs, if reversed, there can be no "collection" action at all.

17. However, it appears to Alex Jones that the Plaintiffs have entered into some form of joint agreement to jointly own and jointly share among themselves any recovery as to any Judgment that survives the pending appeals. [*See*, ¶ 4, pg. 3, 2025 Application]. And, apparently based on the idea that both Plaintiffs may share the Connecticut Judgment, Plaintiffs seek the appointment of a receiver to sell property owned by Alex E. Jones and property previously held

---

[5] The Connecticut Supreme Court denied certification and the Connecticut Judgment is a final judgment for certain purposes, although it is pending a Writ of *Certiorari* at the U.S. Supreme Court as noted *supra*.

by FSS that remains in the Chapter 7 bankruptcy estate of Alex Jones. *Id*.

18. The Plaintiffs suggest to the State Court that without a final order finding their debts non-dischargeable, somehow Alex Jones and FSS assets are not subject to the continuing jurisdiction of the Bankruptcy and somehow become available to satisfy their respective judgments. [*See*, ¶ 6, 7 pg. 4 -5, 2025 Application]. Plaintiffs are wrong on the law and the facts.

19. Plaintiffs are referencing in their Application only ***interlocutory partial summary judgments*** entered by the bankruptcy court finding a portion of their claims non-dischargeable and neither Judgment is final such that the Plaintiffs may execute on such judgments. Until there is a final judgment, no creditor of the Jones Chapter 7 Estates, such action will violate the automatic stay or the discharge injunction, and seizure of any of Jones' assets, or any of FSS assets owned by the Chapter 7 Trustee.

20. Likewise, the Plaintiffs allege that they, or a Receiver, may seize any assets owned by the Trustee of FSS, if approved by the Trustee. That claim is likewise false. There are two final bankruptcy court orders vesting title in the Jones Chapter 7 Estate administered by the Trustee. A trustee may not give away Estate assets on his own, and certainly not in this case, without the order of the bankruptcy court.[6] No such motion has been filed by the Alex Jones Chapter 7 Trustee.

21. Likewise, the Bankruptcy Court has not undertaken the trial of those issues remaining and the interlocutory partial summary judgments remain interlocutory until all issues are subject to a final, appealable order of the bankruptcy court.

22. Most importantly, Alex Jones has not been granted a discharge and the entry of a

---

[6] The 2025 Application also states and suggests that the jurisdiction over the FSS assets now held by the Alex Jones Chapter 7 Trustee may be available for their collection actions if the Chapter 7 Trustee agrees or consents. A Chapter 7 trustee may not simply give away assets by agreement or consent. In every instance, if a Chapter 7 Trustee has jurisdiction over assets, only a Bankruptcy Court order (usually pursuant to a Motion by the Trustee to abandon assets) may result in removal of bankruptcy jurisdiction over assets once within the jurisdiction of the bankruptcy court.

"discharge order" determines when the automatic stay expires regarding bringing claims against a Debtor's property or the Debtor. There is a distinction as to when the discharge order is entered between a § 727 objection to the *discharge*, or under § 523 objection to the dischargeabiliy. *See*, 11 U.S.C. §§ 727, 523. The discharge order will not be entered until the § 727 Motion is determined by final order. However, in a § 523 discharge, bankruptcy courts issue a Code form of a discharge order (the Discharge Order) to conclude the case since the form preserves timely filed objections to dischargeability under § 523. No such order has been entered. Upon entry of the Discharge Order the automatic stay is lifted and the discharge injunction takes its place.

    **C.**    **Grounds For Removal**

        **i.**    **Plaintiffs' Claims are Barred by the Automatic Stay and the Non-issuance of a Dischargeability Order**

23.    11 U.S.C. section 362(c) provides the following:

> (1) the stay of an act against property of the estate under subsection (a) of this section *continues until such property is no longer property of the estate*; and
>     (2) the stay of any other act under subsection (a) of this section continues until the earliest of-
>     (A) the time the case is closed;
>     (B) the time the case is dismissed; or
>     (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, *the time a discharge is granted or denied*.

U.S.C. § 362 applies until certain events have taken place that allows the Chapter 7 Estate to deal to deal with all assets that come into the chapter 7 estate and until objections to the discharge of debts of the Chapter 7 debtor has been determined by final, appealable order. As explained by *In re Prate*, 634 B.R. 72, 76 (Bankr. N.D. Ill. 2021):

> The automatic stay in section 362(a) of the Bankruptcy Code halts a variety of creditor actions against the debtor, the debtor's property, and property of the estate during the bankruptcy case. 11 U.S.C. § 362(a); *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755-56 (9th Cir. 1995) (internal quotation omitted). The stay is "one of the fundamental debtor protections provided by the bankruptcy laws," *Midlantic*

*Nat'l Bank v. New Jersey Dep't of Env'tl Prot.*, 474 U.S. 494, 503, 106 S. Ct. 755, 88 L. Ed. 2d 859 (1986) (internal quotation omitted), because it preserves the estate and gives the debtor some respite from creditors, *In re Grede Foundries, Inc.*, 651 F.3d 786, 790 (7th Cir. 2011); *Dean*, 72 F.3d at 755-56. Unless estate property is concerned, the stay remains in effect until the case is closed or dismissed or the debtor is discharged, whichever occurs first. 11 U.S.C. § 362(c).

The 2025 Application states, or at least suggests, that the Connecticut Plaintiffs and Texas Plaintiffs have a final, appealable non-dischargeable judgment. That is simply not true. The law is clear that until an order for discharge has been entered,[7] the automatic stay remains in place preventing any action against property of the estate *or the pre-conversion or post-conversion debtor*:

> The automatic stay applied to the State Court Foreclosure Action upon the commencement of Mr. Pacheco's chapter 7 case on March 29, 2019 and remained in effect until the automatic stay terminated upon the entry of the discharge on August 14, 2019.

*Alarid v. Pacheco (In re Pacheco),* 616 B.R. 126, 131 (Bankr. D.N.M. 2020).[8] Accordingly, the automatic stay remains in effect until it is lifted by the bankruptcy court, or until the discharge

---

[7] In bankruptcy parlance, an objection to discharge of the debtor himself is often referred to as an "objection to discharge," while an objection to discharge of a particular debt is referred to as an "objection to dischargeability." *See, e.g.*, *In re Withrow*, 570 B.R. 452, 455 (Bankr. N.D. Ga. 2017). ("[A]n objection to discharge and an objection to the dischargeability are two distinct and different claims for relief."). There is a distinction as to when the discharge order is entered between a section 727 objection to the ***discharge***, or under section 523 objection to the dischargeabiliy. *See*, 11 U.S.C. §§ 727, 523. The discharge order will not be entered until a motion under section 727 is determined by final order. However, in a section 523 discharge, bankruptcy courts issue a discharge order to conclude the case since the form preserves time filed objections to dischargeability under section 523.

[8] *N. Tex. Cap.Partners, L.P. v. Dorvil (In re Dorvil),* 665 B.R. 35, 50 (Bankr. N.D. Tex. 2024):

> Section 362(c) articulates how long the stay is in place. In pertinent part, § 362(c)(2) provides that "the stay of any other act under subsection (a) of this section continues" until: "(A) the time the case is closed; (B) the time the case is dismissed; *or (C) if the case is a case under chapter 7 of this title concerning an individual . . ., the time a discharge is granted or denied...*" This language referencing the stay's continuing operation until "the time a discharge is granted or denied" may lead non-bankruptcy courts and parties in a bankruptcy proceeding to believe that the stay continues to apply until a § 523 dischargeability action is finally adjudicated. Such a belief is incorrect. The pendency of a § 523 has no minimizing effect on the automatic stay.
> This confusion over § 362(c)'s "until the time a discharge is granted or denied" language can be resolved by looking to bankruptcy procedure and the interplay between § 523(a) and § 727(a). When a § 727(a) action is commenced to deny the debtor a discharge, which places the debtor's entire discharge in jeopardy, the bankruptcy court typically does not issue a discharge order while the action is pending. *See,* Fed. R. Bankr. P. 7001(4), 7001(6). Thus, the automatic stay remains in force because no discharge order has been entered.

order is entered. It is not until the discharge order is entered that the automatic stay ceases to apply, and the discharge injunction comes into force and effect.

    **ii.**  **This Case Involves Parties and Issues "Arising In" or is "Related To" Cases Under Title 11 [the "Home Bankruptcy Court"]**

24. Alex Jones incorporate ¶¶ 1 through 22 above in the arguments regarding arising in or related to jurisdiction. 28 U.S.C. § 1334(b) provides

> "Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or ***arising in <u>or related to</u>*** cases under title 11." (emphasis added).

*See, also* 28 U.S.C. § 157 regarding "… arising in, arising under, or related to" federal question jurisdiction of the federal District Court. Both of these sections apply in this Removal.

25. At the time of this Removal there was, and is, an ongoing Chapter 7 bankruptcy case styled *In Re: Alex Jones*, case no. 22-33553 (CML) now pending the United States Bankruptcy Court under the jurisdiction of the District Court for the Southern District of Texas. This District Court (Austin Division) has original jurisdiction over this action pursuant to 28 U.S.C. §1334(b) as the Removed State Court Case is ""arising under", or "arising in" or "related to" the Bankruptcy Case. All of Alex Jones' exempt and non-exempt assets remain in the possession of the Chapter 7 Trustee until allowed as exempt or until abandoned by the Trustee.

  **D.**  **This Case Should be Transferred to the "Home Bankruptcy Court" for Determination of Any Issues of Remand or Abstention**

26. Jones incorporates herein as if set out herein verbatim the facts, conclusions and arguments set out above and in Jones Motion to Transfer Venue to the "Home Bankruptcy Court" filed contemporaneously with the Removal and Notice or shortly thereafter to accommodate the certificate of conference.

27. 28 U.S.C. § 1452(a) provides that "a party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

28. 28 U.S.C. § 1334(b) provides that "the *district court* shall have original but not exclusive jurisdiction of all civil proceedings *arising under* Title 11 or *arising in* or *related to cases under* Title 11."[9] 28 U.S.C. § 1334, and the removed lawsuit is a civil action other than a proceeding before the Tax Court or a civil action brought by a governmental unit to enforce the government unit's police or regulatory power as required for removal pursuant to 28 U.S.C. § 1452. Venue is proper before this Court under 28 U.S.C. § 1409. As noted above, Jones incorporates herein as if set out herein verbatim the facts, conclusions and arguments set out in Jones Motion to Transfer Venue to the "Home Bankruptcy Court" filed contemporaneously with the Removal and Notice or shortly thereafter to accommodate the certificate of conference.

29. Importantly, as described in detail above, the automatic stay (11 U.S.C. § 362) prohibits any action by any creditor against the Debtor or the Debtors assets until (i) the case is concluded; and (ii) a determination has been made as to the dischargeability of any creditors' claim. No such determination has been made and unless a claim is declared non-dischargeable by an order of the bankruptcy court the automatic stay and discharge injunction prohibit exactly what the Connecticut Plaintiffs have attempted in the Removed State Court Case.

30. Jones incorporates herein the Motion to Transfer Venue contemporaneously filed herewith or shortly thereafter to accommodate the certificate of conference with respect to this issue and argument.

---

[9] However, removal pursuant to 28 U.S.C. § 1452(a) is proper directly to a Bankruptcy Court, rather than to a District Court. *See e.g., Industrial Clearinghouse, Inc. v. Mims (In re Coastal Plains, Inc.)*, 338 BR 703 (N.D. Tex. 2006).

31. **Notice**. Written notice of the filing of this notice of removal will be filed with the Removed State Court state district court where the 2025 Application is pending and furnished or served on all other parties as provided by law.

32. **Attachments Pursuant to Local Rules**. In accordance with federal statute and local rules of this court, the following were filed when the original Notice of Removal was filed on August 4, 2025 [Docket #1] and have been amended (additional Exhibits accompanies the filing of the Removal):

    a. Index of Matters being filed with Tabs 1-7;
    b. List of parties to include counsel of record, including their addresses, telephone numbers, and parties represented; and
    c. A true and correct copy of the Removed State Court 2025 Application Docket Sheet.

33. **Reservation of Rights to Amend and Supplement**: Because the 2025 Application involves parties and intervenors and issues not previously involved in that pending case, and because no service of process was made on Alex Jones, (or, in the case of the purported domestication proceeding his due process rights were violated by Plaintiffs) Alex Jones reserves the right to promptly amend or supplement this Removal and Notice of Removal as events and documents are discovered within the time provided by this Court's Rules.

34. **Conclusion and Prayer**: This Removed State Court Case has been timely and properly brought to this Bankruptcy Court upon multiple basis of personal and *in rem* jurisdiction over Alex Jones, jurisdiction that continues to be exercised by the Home Court. Defendant Alex Jones requests this Court exercise its jurisdiction and ancillary jurisdiction as may be the case, and transfer venue to the United States District Court for the Southern District of Texas for automatic referral to the pending Bankruptcy proceeding in that District, and upon transfer and consolidation for trial of this Removed State Court Case, render judgment as will be set out in Defendant Alex

Jones' full and complete answer and response to the Plaintiffs' Claims in this Removed State Court Case, and for such other and further relief to which Alex Jones may be justly entitled, both at law and in equity.

Dated: August 4, 2025

                                                  */s/ Shelby A. Jordan*
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
***Jordan & Ortiz, P.C.***
500 North Shoreline Blvd., Suite 804
Corpus Christi, TX 78401
Telephone: (361) 884-5678
Facsimile: (361) 888-5555
Email: sjordan@jhwclaw.com
          aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com
**COUNSEL FOR ALEX JONES**

Ben C. Broocks
State Bar No. 03058800
BROOCKS LAW FIRM P.L.L.C.
248 Addie Roy Road, Suite B301
Austin, Texas 78746
Phone: (512) 201-2000
Fax: (512) 201-2032
Email: bbroocks@broockslawfirm.com
**COUNSEL FOR ALEX JONES**

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2025, a true and correct copy of the foregoing document was served via e-file/e-mail in accordance with the Texas Rules of Civil Procedure:

| | |
|---|---|
| **ATTORNEYS FOR THE CONNECTICUIT FAMILIES** | Ryan E. Chapple<br>rchapple@cstrial.com<br>Benjamin D. Evans<br>bevans@cstrial.com<br>CAIN & SKARNULIS PLLC<br>303 Colorado Street, Suite 2850<br>Austin, Texas 78701<br><br>Avi Moshenberg<br>LAWSON & MOSHENBERG PLLC<br>2301 Commerce Street, Suite 200<br>Houston, TX 77002<br>Email: avi.moshenberg@lmbusinesslaw.com |
| **CHAPTER 7 TRUSTEE:** | Joshua W. Wolfshohl<br>Michael B. Dearman<br>Jordan T. Stevens<br>Kenesha L. Starling<br>**PORTER HEDGES LLP**<br>1000 Main Street, 36th Floor<br>Houston, Texas 77002<br>jwolfshohl@porterhedges.com<br>mdearman@porterhedges.com<br>jstevens@porterhedges.com<br>kstarling@porterhedges.com<br><br>Erin E. Jones<br>**JONES MURRAY LLP**<br>602 Sawyer Street, Suite 400<br>Houston, Texas 77007<br>erin@jonesmurray.com |
| **POTENTIAL RECEIVER:** | Gregory S. Milligan<br>Harney Partners<br>Westech 360<br>8911 North Capital of Texas Highway, Suite 2120<br>Austin, Texas 78759<br>Telephone: (512) 464-1139<br>milligan@harneypartners.com |

*/s/ Shelby A. Jordan*
Shelby A. Jordan
